WILLIAM REID, PLAINTIFF IN ERROR, v. THE STATE OF NEW JERSEY, DEFENDANT IN ERROR.

Argued November 21, 1898—Decided December 5, 1898.

Under an indictment presented prior to the taking effect of chapters 237 and 238 of the laws of 1898, the review upon error will include the particulars contemplated in the one hundred and .sixty-third chapter of the laws of 1894, and among them inquiry whether the plaintiff in error has suffered manifest wrong and injury upon the evidence adduced upon the trial.

On error to the Court of Oyer and Terminer of Hudson county.

For the plaintiff in error, *William T. Hoffman.*

For the defendant in error, *James S. Erwin,* prosecutor of the pleas.

The opinion of the court was delivered by

THE CHANCELLOR. The entire record of the proceedings had upon the trial has been returned with the writ of error agreeably to the provisions of the one hundred and sixty-third chapter of the laws of 1894 (*Pamph. L., p.* 264; *Gen. Stat., p.* 1154, § 170), which contemplate adjudication whether in that record it appears that the plaintiff in error has suffered manifest wrong and injury by rejection of testimony charge to the jury, denial of any matter within the court's discretion, or upon the evidence adduced upon the trial.

It appears that the crime charged is murder, committed on May 14th, 1898; that the indictment was presented on the 17th of May, 1898; that the trial was commenced on the 18th of July in that year and was concluded on the 21st of the same month, and that the judgment under review was pronounced and signed on the 30th of the same July.

The only grievance assigned or urged in behalf of the plaintiff is, that he suffers manifest wrong and injury upon the evidence adduced upon the trial.

By chapter 237 of the laws of 1898, entitled "An act relating to courts having criminal jurisdiction and regulating proceedings in criminal cases (revision of 1898)," approved June 14th, 1898 (*Pamph. L., p.* 866), the subject matter of the act of 1894, above referred to, has been dealt with anew. The one hundred and thirty-sixth section of the chapter mentioned provides that " if it appear from such record that the plaintiff in error on the trial below suffered manifest wrong or injury either in the admission or rejection of testimony, whether objection was made thereto or not, or in the charge of the court, or in the denial of any matter by the court which was a matter of discretion, whether a bill of exceptions was taken, signed and sealed thereto or error assigned thereon or not, the appellate court shall remedy such wrong," &c.

It is observed that the provision of the act of 1894, which requires adjudication whether the plaintiff in error appears to have suffered manifest wrong and injury upon the evidence adduced upon the trial, is eliminated by the act of 1898.

The last section of the act of 1898 provides that all acts and parts of acts inconsistent with the provisions of that act shall be repealed, except acts applicable only to particular localities, and that no indictment or other criminal proceeding of any nature then pending should abate by reason of the passage of that act " but," using the language of the statute, " all proceedings on any indictments now pending shall proceed under the provisions of this act."

But by the next chapter of the laws of 1898, chapter 238, also approved on the 14th of June in that year, entitled "An

act to repeal sundry acts or parts of acts regulating proceedings in criminal cases and relating to criminal courts" (*Pamph. L., p.* 930), the act of 1894, above mentioned, was among other statutes directly repealed. The fifth section of this repealing statute, among other things, provides that "no indictment or other criminal proceeding of any nature shall abate by reason of the repeals of said acts or parts of acts, but all proceedings on any indictments now pending, and every criminal proceeding of every nature, shall proceed as if this act had not been passed." This provision accords with the fourth section of the act relative to statutes. *Gen. Stat., p.* 3194, § 28.

It is deemed that chapters 237 and 238 of the laws of 1898, are parcels of a single legislative scheme of revision and that they should be read together and control should be accorded to the last of their utterances, if there be conflict. So that the last section of chapter 237, as far as it may be inconsistent with the fifth section of chapter 238, must yield to the latter. For this reason, and without further consideration of the right of the plaintiff in error to have the record as he presents it reviewed under the act of 1894, we have, among other things, carefully examined the entire evidence adduced upon his trial to ascertain whether it appears that thereupon he has suffered wrong and injury. The result is our unanimous conclusion that the verdict was intelligently and justly rendered. We are also of opinion, upon an examination of the entire record, that he has not in any other respect, regard being had to the reviews contemplated by the statutes of both 1894 and 1898, suffered wrong or injury.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, VAN SYCKEL, DIXON, GARRISON, GUMMERE, LUDLOW, COLLINS, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH. 14.

*For reversal*—None.