THE STATE, DEFENDANT IN ERROR, v. JAMES E. CALLA-
HAN, PLAINTIFF IN ERROR.

Submitted March 23, 1909—Decided June 14. 1909.

Upon the trial of an indictment, where the defendant fails to testify
in his own behalf to deny inculpatory facts which, if false, he
must know to be so, it is proper for the trial judge to call atten-
tion to his failure to testify.

On error to the Supreme Court, whose opinion is reported
in 47 *Vroom* 426.

For the state, *George Berdine,* prosecutor of the pleas.

For the plaintiff in error, *Robert Adrain.*

The opinion of the court was delivered by

SWAYZE, J. A majority of the court think that the judg-
ment in this case should be affirmed for the reasons stated in
the opinion of Mr. Justice Bergen in the Supreme Court, but
in view of the difference of opinion in this court, it is thought
well to add to what he said. The substantial complaint made
by the plaintiff in error is that the learned judge of the Quarter
Sessions, in his charge, called the attention of the jury to the
failure of the defendant to go upon the stand as a witness in
his own behalf, and charged them as follows, using almost the
exact language of the opinion of the Supreme Court in *Parker*
v. *State,* 32 *Vroom* 308 (at *p.* 313): "When the accused is
upon trial and the evidence tends to establish facts, which, if
true, would be conclusive of his guilt of the charge against him,
and he can disprove them by his own oath as a witness, if the
fact be not true, then his silence would justify a strong in-
ference that he could not deny the charge." This rule has been
sustained in this court in *State* v. *Twining,* 44 *Id.* 683. In
*State* v. *Wines,* 36 *Id.* (at *p.* 35), the Supreme Court distinctly
said that it was proper for the judge to refer to the failure of

the defendants to testify and to call witnesses to establish the defence by way of an *alibi*, as circumstances in the case. The Wines case was a case of circumstantial evidence, and the defendants were called upon to deny only the facts which made against them and of the falsity of which they must have had knowledge. We think that so far the judge was entirely correct. We see no reason why the principle adopted by us in the Twining case does not justify the judge in commenting upon the failure of the defendant to deny any inculpatory facts which may be within his knowledge. What was condemned by the Supreme Court in the Wines case was the language of the trial judge in dealing with the force and effect of the failure of the defendants to testify. The force and effect of the failure of the defendant to deny circumstances which tend to prove guilt only by inference is necessarily much less than the effect of his failure to deny direct testimony of a guilty act, as in the Parker case. The judge in the Wines case told the jury that the evidence of guilt was irresistible, and that no instruction of the court would prevent the inference from being drawn by honest jurymen. As to that, Chief Justice Depue properly said: "In the present case there was no direct evidence to connect the accused with the crime charged. It was circumstantial evidence to be submitted properly to the jury. We think the learned judge was not, under this evidence, justified in the manner in which the failure of the accused to testify or call witnesses to establish an *alibi* was urged upon the jury, or in applying the comments of the Chief Justice in Parker *v.* State to the condition of the evidence in the case in hand." It was not the fact that the judge called attention to the failure of the defendants to testify that was condemned; it was the manner and urgency with which he magnified the importance of the fact. In the present case the trial judge did not urge upon the jury that the failure of the defendant to testify was of any force at all, except so far as they may have drawn that inference from the language which he adapted from the opinion in the Parker case, and which we have already quoted. That language, taken abstractly, correctly states a logical conclusion. No one can doubt that if the evidence tends to establish facts conclusive

of the defendant's guilt, which he can disprove by his own oath as a witness, if they are not true, his silence justified a strong inference that he cannot deny the charge. The only question that can be raised as to the propriety of this remark of the judge is that it had no application to the case in hand. Read as a whole, the part of the charge complained of was that there was direct evidence of acts from which the jury could infer prostitution and immoral practices taking place in the defendant's house. That direct evidence consisted of testimony of a witness who entered the lower part of the house, saw the defendant in what is called the saloon, where there were then two girls and two men, and testified that they had cigars and then went upstairs where whiskey was served by one of the girls; that on one occasion he was solicited by one of the women in the house, and that on another occasion when several men were there the girls went about among them, sat on their laps and danced and waltzed around and had a good time. This was certainly evidence of direct acts from which the jury might properly infer prostitution and immoral practices. The acts already recited were proven to have taken place in 1906. It was further shown that in April, 1907, the defendant, who was an unmarried man, had four women in his house, at about midnight, when the officers broke in; that the women used profane language; that one man concealed himself in the ice box; that the women were taken before the magistrate and that the defendant gave bail for their subsequent appearance; that gambling machines were found in the house, in which money was found when they were examined by the police officer; that liquor was found in the house under circumstances from which it might be inferred that it was kept for sale, especially since there was proof that liquor had been sold at a previous time. These facts, if believed, were conclusive proof that the house was disorderly. In order to convict the defendant it was necessary to prove in addition his knowledge, and this could be proved only by circumstances. We think that when it is proved that a man is the owner and in control of a house of this character where acts such as described take place at a time when he is in the

house, and he is present in one room when men and women are present and then leave the room and go upstairs, and when it further appears that he is an unmarried man and has four women of the character proven in this case, apparently living in his house, or at any rate there at midnight, a jury could hardly avoid an inference of knowledge on his part. If so, his failure to deny knowledge justifies the comment made by the judge in this case.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, SWAYZE, REED, TREN-CHARD, PARKER, VREDENBURGH, GRAY, DILL, CONGDON, J.J.   9.

*For reversal*—GARRISON, VOORHEES, BOGERT, VROOM, J.J.   4.