THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WILLIAM BURKE, PLAINTIFF IN ERROR.

Argued November 3, 1910—Decided May 9, 1911.

1. An instruction in a criminal trial that "if the circumstances incident to the situation admit of drawing an inference excluding any notion but that of guilt, it would be sufficient to maintain the contention of the state that the presumption of innocence has been overcome," is erroneous.

2. In a criminal trial the presumption of the defendant's innocence continues until overcome by proof establishing his guilt beyond a reasonable doubt.

---

On error to the Hudson Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff in error, *Joseph M. Noonan.*

For the state, *Pierre P. Garven,* prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff in error was convicted upon an indictment charging him with knowingly having in his possession certain burglar's tools, with intent to use or employ, or to cause the same to be used or employed, for burglarious purposes, and such conviction is now here for review.

The cause has been argued as presented by bills of exceptions and assignments of error, and also by a return of the entire record of the proceedings had upon trial and causes specified pursuant to sections 136 and 137 of the Criminal Procedure act. *Pamph. L.* 1898, *p.* 915.

The first contention requiring consideration is that the learned trial judge erroneously instructed the jury as follows:

"It is not essential to overcome the presumption of innocence that there must be direct evidence indicating the guilt of the defendant. If the circumstances incident to the situation admit of drawing an inference excluding any notion but that of guilt, it would be sufficient to maintain the contention of the state that the presumption of innocence has been overcome."

That instruction was erroneous. According to it, "if the circumstances incident to the situation" admit of drawing two inferences, one "excluding any notion but that of guilt," and the other, leaving the question of guilt in doubt, the fact that the circumstances admit of drawing an inference excluding any notion but that of guilt is sufficient to overcome the presumption of innocence. Such is not the true rule. The presumption of the defendant's innocence continues until overcome by proof establishing his guilt beyond a reasonable doubt. The instruction being erroneous and prejudicial to the defendant in maintaining his defence upon the merits, the conviction must be set aside.

As a new trial must follow the reversal of this conviction, we have examined the other alleged errors, in order that if any of them were of substance, they might be avoided at the re-trial of the case. Our examination, however, has failed to disclose any error except that pointed out.

The judgment under review will be reversed, and the case remitted to the Court of Quarter Sessions for a trial *de novo*.