THE STATE v. JOSEPH DiBENEDETTO.

Submitted July 10, 1911—Decided March 4, 1912.

1. A criminal court of general jurisdiction has power, upon good cause shown, to vacate an order made by it fixing a day for the trial of an indictment, and to direct that the trial be brought on at a day earlier than that originally specified by it.
2. Upon the trial of a defendant upon an indictment for receiving stolen goods, guilty knowledge may be found by the jury where he receives the goods under such circumstances as would satisfy a man of ordinary intelligence that they were stolen.
3. An instruction to the jury that the defendant, although he had the opportunity to testify as a witness in his own behalf, had elected not to do so, coupled with the fact that he had been present in court and heard the statements made by witnesses upon the stand, would warrant the jury in presuming that he could not deny that the statements were true, is not erroneous in law.

On error to Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and VOORHEES.

For the plaintiff in error, *Franklin W. Fort.*

For the state, *Wilbur A. Mott,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This case comes before us upon a strict bill of exceptions, and not under the one hundred and thirty-sixth section of the Criminal Procedure act.

The defendant was convicted of the crime of receiving stolen goods. The indictment was found at the April term, 1910. The trial was postponed from time to time until the 10th day of January, 1911. On that day it was again postponed until the 23d of that month. A day or two later (about the 13th or 14th of the month) the court, on the application of the prosecutor, vacated the continuance until the 23d, and set down the trial for the 17th of January. Notice of this change in the date of trial was given to the defendant and his counsel. On the latter date (that is, the 17th) the prosecutor moved the case, and counsel for the defendant objected to its then being tried, upon the ground that he was at that time engaged in a case then on in the Supreme Court Circuit. The court thereupon postponed the trial for one day, namely, until the 18th. On that day Mr. S., a practicing attorney, appeared before the court representing the defendant, and stated that counsel, who was originally retained, was still engaged in the Supreme Court Circuit, and opposed the moving of the case at that time. Notwithstanding his objection, the court ordered on the trial of the cause. At the close of the state's case the case of the defendant was also rested, and the case was thereupon submitted to the jury, which returned a verdict of guilty.

The first assignment of error is directed at the action of the trial court in advancing the trial after the continuance had been granted until January 23d. We have no doubt as to the power of the court to vacate an order by which the day for trial of an indictment has been fixed, and to direct that the trial be proceeded with at an earlier date than that originally named by the court. The question whether such a course shall be taken or not is one within the sound discretion of the court, and error cannot be assigned upon such action, unless there has been an abuse of such discretion. We find no such situation here. The ground upon which the

state based its application was that unless the trial was speeded a material witness would have left the jurisdiction, and that his return into it was problematical. That this afforded a sufficient basis for the action complained of is not denied, but it is contended that the ordering on of the case in the absence of the defendant's original counsel, and while he was actually engaged in another court, constituted an abuse of judicial discretion. We think not. The engagements of counsel in other courts have never been considered as affording a compelling reason for postponing a trial. If such a doctrine should prevail, a ready means of defeating justice in a criminal proceeding would be afforded. We do not think the plaintiff in error should prevail on this assignment.

The next assignment is based upon the instruction of the court to the jury in commenting upon the requirement of the law that one who receives stolen property from a thief must have knowledge of the fact that the property was stolen, in order to make him guilty of the crime charged against the defendant. The following is the instruction complained of: "Now, the knowledge may be either actual knowledge or it may be knowledge which is imputed to him. I mean by that, that if the facts and circumstances are such as to impute guilty knowledge, it would be sufficient to sustain a conviction, without any proof directly to the point that the man, at the time he bought it, was informed that it was stolen property. That is not necessary. *But the facts must be shown to your satisfaction, beyond a reasonable doubt, that when he did receive it, it was in the possession of the thief who had stolen it from the owner, and that the person who received it took it under such circumstances that a man of ordinary prudence and caution would be satisfied that it was stolen property.*" The portion of the instruction which is in italics is that the legality of which is challenged. It is enough to say, in disposing of this assignment, that the instruction was entirely justified by our decision in *State* v. *Goldman*, 36 *Vroom* 394. In that case we approved as sound the following declaration of the Supreme Court of Massachusetts in *Commonwealth* v. *Finn*, 108 *Mass.* 466: "Guilty knowledge may

be found by the jury where the defendant receives the goods under such circumstances as would satisfy a man of ordinary intelligence and caution that they were stolen."

The next assignment challenges the propriety of the instruction of the court upon the significance to be given the fact that the defendant failed to offer himself as a witness on his own behalf. The following was the instruction: "Now, the fact that the defendant, having an opportunity to take the stand if he saw fit, has elected not to, and that he has been here and heard the statements of these witnesses on the stand, would warrant you in presuming that he could not deny that the facts which they stated were true." The propriety of this instruction is no longer open to question in this court. It was entirely justified by the decisions of the Court of Errors and Appeals in *Parker* v. *State,* 33 *Vroom* 801, and *State* v. *Twining,* 44 *Id.* 691. We conclude, therefore, that this assignment is without merit.

The only other assignment of error which has been argued on behalf of the defendant is that the trial court, in its instruction to the jury, misstated the testimony in such a manner as to prejudice the defendant. We have examined the testimony in the case to which our attention has been directed by counsel for the defendant in support of this assignment, and we find nothing in it to justify the assertion that the court so misstated it in his remarks to the jury as to prejudice the defendant.

For the reasons above indicated, we conclude that the conviction under review must be affirmed.