THE STATE, DEFENDANT IN ERROR, v. HENRY SCHLOS-
SER AND JOHN SEIBERT, PLAINTIFFS IN ERROR.

Submitted July 3, 1913—Decided January 16, 1914.

1. Where a case comes up for review on error on a strict bill of
   exceptions or under the one hundred and thirty-sixth section of
   the Criminal Procedure act, or by both methods, the court will
   not review the evidence as to its weight, or whether it justified
   the verdict, or whether it would leave a reasonable doubt as to
   the defendant's guilt.
2. The provision for review of a denial of a motion to discharge or
   direct a verdict of not guilty, which is addressed to the dis-
   cretion of the court, brings into review only the question whether,
   upon the evidence as it stood when the motion was made, there
   was a case for the jury.
3. A general exception taken to the judge's charge, and error
   assigned on that part of it which was as follows: "But these
   facts, which I have alluded to, and the additional fact that they
   were both there, according to the state's testimony and had an
   opportunity of observing what went on there is sufficient, if you
   believe that they were responsible for this condition of affairs,
   to justify a conviction, provided of course, that you believe the
   state's witnesses." are sufficient to raise the question whether
   there was any evidence tending to establish the guilt of the de-
   fendant.
4. An indictment in the common law form for keeping and main-
   taining a bawdy house is sufficient to charge the keeping and
   maintaining of a disorderly house, where the disorder consists
   in habitual violations of law or where acts or conduct are per-
   mitted to be habitually indulged in which tend to debauch the
   good morals of the community. The cases of *Linden Park
   Horse Association* v. *State,* 26 *Vroom* 557; *State* v. *De Lorenzo,*
   51 *Id.* 500, commented upon and distinguished.
5. A conviction, under such an indictment, even where there was
   no proof that illicit sexual intercourse was permitted to be
   indulged in on the premises, is not assailable.
6. The word "whoring" is sufficiently broad enough to include acts
   of lewdness and public indecency.
7. Acts of open lewdness or notorious acts of public indecency are
   misdemeanors under our statute. *Comp. Stat., p.* 1762, § 51.
8. The judge did not err in charging the jury, as follows: "When
   an accused is upon trial and the evidence tends to establish
   facts which if true, would be conclusive of the guilt charged
   against him, and he can disprove them by his own oath as a
   witness, if the facts be not true, then his silence would justify
   a strong inference that he could not deny the charge," since

there was proof adduced by the state that called for an explanation or denial by the defendants.   *State* v. *Twining*, 44 *Vroom* 683, is controlling.

9. While a witness for the prosecution was being cross-examined, by defendant's counsel, a juror interrupted the examination of the witness by making comments upon the immateriality of the testimony being elicited from the witness, though the court ruled the examination to be proper.   *Held*, that though the conduct of the juror was improper. nevertheless, since it appeared that the testimony commented upon by the juror was wholly immaterial, therefore the remarks made by him did not indicate that he had made up his mind as to the guilt or innocence of the defendants and for that reason were harmless.

On error to Essex County General Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiffs in error, *Frederick R. Lehlbach.*

For the state, *Andrew Van Blarcom.*

The opinion of the court was delivered by

KALISCH, J.   The plaintiffs in error, the defendants below, were indicted for keeping a disorderly house in the city of Newark, and convicted of the offence charged.   The case comes up for review on a strict bill of exceptions and also under the one hundred and thirty-sixth section of the Criminal Procedure act.

The first point made by the plaintiffs in error in their brief and relied upon as a ground for reversal of the judgment is, that there was no evidence to sustain the charges in the indictment.   Under the settled law of this state the court will not review the evidence as to its weight, or whether it justified the verdict or whether it would leave a reasonable doubt as to the defendants' guilt.   *Reid* v. *State,* 33 *Vroom* 721; *State* v. *Lang,* 46 *Id.* 8; *State* v. *Herron,* 47 *Id.* 523; *State* v. *Egan,* 55 *Id.* 701.

But it is contended that the court will review the evidence to ascertain whether it sustains the charge in the indictment.

In *State* v. *Jaggers,* 42 *Vroom* 281, Chancellor Magie, speaking for the Court of Errors and Appeals (on *p.* 283), in considering the effect of the one hundred and thirty-sixth section of the Criminal Procedure act, said: "The provision for review of a denial of a motion to discharge or direct a verdict of not guilty, which is addressed to the discretion of the court, brings into review only the question whether, upon the evidence as it stood when the motion was made, there was a case for the jury. An examination of the evidence returned with this writ satisfies us that it was sufficient to justify and to require its submission to the jury." But an examination of the record, in the case under consideration, does not disclose that any motion was made by the defendants for a direction of a verdict in their favor, upon the ground that the evidence was insufficient to sustain the charge contained in the indictment, but that there was a motion made for a direction of a verdict on behalf of Henry Schlosser, one of the defendants, on the sole and distinct ground that Schlosser was not the owner or manager of the premises and did not participate in any of the acts charged, and that the license was issued in the name of John Seibert, the co-defendant, and that he was the man actually engaged in the transaction of the business.

Thus, it is obvious that the question as to whether the evidence adduced at the trial was sufficient to constitute a disorderly house, was not raised at any time, by the defendants, in the court below, and is raised for the first time in this court, and, therefore, it cannot be considered on the assignment that the court refused to direct a verdict for the defendants. Since it appears, however, that a general exception was taken to the judge's charge and that there is assigned, as error, a portion of the court's charge, as follows: "But these facts, which I have alluded to, and the additional fact that they were both there, according to the state's testimony and had an opportunity of observing what went on there is sufficient, if you believe that they were responsible for this condition of affairs, to justify a conviction, provided, of course, that you believe the state's witnesses;" this suffices

to raise the question whether there was any evidence tending to establish the guilt of the defendant.

The exact point made by the defendants, is that all the acts proven in the case fail to bring it within any one of the acts denounced in the indictment as disorderly, and hence it is argued that applying the rule laid down in *Linden Park Horse Association* v. *State, 26 Vroom* 557, there could not have been a legal conviction under the indictment. .

In the case referred to, the indictment was in the common law form of keeping a bawdy house, whereas the particular disorder relied on, by the state, was habitual gambling on horse races, on the premises. The word "gaming" was omitted from the indictment and the Court of Errors and Appeals very naturally held that none of the offences charged in the indictment was sufficient to admit evidence, against objection, tending to establish habitual gaming on the premises, and that the admission of such evidence was error necessitating a reversal of the judgment.

In this connection it is to be borne in mind that no objection was made at the trial, in the case under consideration, to the admission of the evidence, now criticised, as not supporting the charges in the indictment.

It is true that the indictment, in this case, is in the common law form for keeping a bawdy house or brothel, but it is equally true that by a long continued and unbroken practice, for more than fifty years, it has been the adopted form, used in this state, to charge the keeping or maintaining of a disorderly house, where the disorder consisted in habitual violations of law or where acts and conduct were permitted to be indulged in which tended to debauch the good morals of the community. A house to which people promiscuously resort for purposes injurious to the public morals or health, or convenience or safety, is a nuisance, and the keeper is liable to indictment for keeping a disorderly house. *State* v. *Williams,* 1 *Vroom* 109.

Counsel for defendants seems to think that in order to convict the defendants there should have been some evidence

tending to establish that illicit sexual intercourse was permitted to be indulged in promiscuously and habitually on the premises. This was not necessary. We think the words "whoring" and "misbehaving" used conjointly are sufficiently broad enough to include the acts and conduct of the men and women who habitually resorted to the defendant's premises. The term "whoring" is at least specific and broad enough to include acts of lewdness. The testimony in this case tended to establish that men and women congregated in the defendant's saloon and restaurant on various occasions and conducted themselves in a lewd and indecent manner, singing ribald songs, the women exposing their legs, and men their privates, and men and women hugging each other in lewd postures, &c.

Acts of open lewdness or notorious acts of public indecency are misdemeanors under our statute. *Comp. Stat., p.* 1762, § 51.

In the case of *State* v. *De Lorenzo,* 51 *Vroom* 500, relied on by the plaintiffs in error, the indictment omitted the word "whoring" and an allegation charging the illegal sale of intoxicating liquors. The court was requested to charge that no conviction could be based upon a finding by the jury that the house kept by the defendants was a bawdy house, or upon a finding that liquor was habitually sold upon the premises in violation of law, which was refused and this was held to be error and the reason given for so holding, by Chief Justice Gummere (on *p.* 505), is, "That neither of the offences set out in the requests to charge are among the specifications of misconduct that were alleged to have made the act of the defendants a disorderly one," and, therefore, is clearly distinguishable from the case under review.

The record shows that the defendants did not take the witness-stand and the court, in commenting upon that fact, said: "When an accused is upon trial and the evidence tends to establish facts which if true would be conclusive of the guilt charged against him, and he can disprove them by his own oath as a witness, if the facts be not true, then his silence

would justify a strong inference that he could not deny the charge." The charge of the court on this subject was in accordance with the settled law of this state. *State* v. *Twining,* 44 *Vroom* 683. But the claim made by the plaintiffs in error is that there was nothing in the proof, adduced by the state, that called for an explanation or denial by the defendants, and, therefore, the rule enunciated was not applicable. A reading of the testimony clearly shows that this is wholly without substance.

The only remaining assignment of error argued and for us to consider is the one directed to the misconduct of a juror.

During the cross-examination of one of the state's witnesses a juror interrupted the cross-examination by defendants' counsel, to which an objection had been interposed by the state, as follows: "What has all this got to do with the case, to listen to a lot of unnecessary stuff here. We have a whole lot of stuff that has nothing to do with the case. We are busy men." After the court ruled that the cross-examination was proper the juror again interpolated: "It is a waste of time." Of course, the conduct of the juror was highly improper. It appears, however, that at the time the remarks were made, a witness was being cross-examined upon matters which did not go to the merits of the case, and, therefore, the juror's remarks did not in the slightest degree indicate that he had made up his mind one way or another as to the guilt or innocence of the defendants.

The judgment will be affirmed.