STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. PETER KISIK AND JOHN KORVACH, IMPLEADED, ETC., PLAINTIFFS IN ERROR.

Argued November 23, 1923—Decided May 19, 1924.

1. When in a criminal case facts concerning acts of the defendant are testified to which prove, or tend to prove, his guilt, and he by his oath can deny them, his failure to testify in his own behalf raises a strong presumption that he cannot truthfully deny those facts, and a charge that the jury could place such importance on the fact that defendant did not take the stand in his own behalf as they saw fit, permits the jury to find guilt alone from the fact that defendant does not testify in his own behalf, and is erroneous.
2. A defendant in a criminal case is entitled to have the jury consider all of the facts in evidence even if he does not deny those which concern his own acts, as he is entitled to the presumption of innocence unless and until the jury have agreed on a verdict of conviction upon a consideration of all the evidence, and that beyond a reasonable doubt.

On error to the Supreme Court. 1 *N. J. Mis. R.* 308.

For the plaintiffs in error, *Elmer W. Romine.*

For the defendant in error, *James H. Bolitho,* prosecutor of the pleas.

The opinion of the court was delivered by

WALKER, CHANCELLOR. The defendants were convicted in the Morris Quarter Sessions on an indictment which charged in the first count an attempt to commit robbery, and in the second an attempt by false pretenses to get possession of a sum of money, the property of a certain woman, with intent to cheat and defraud her of the same. They brought error into the Supreme Court, where the judgment was affirmed.

Every contention raised by defendants was decided adversely to them by the Supreme Court, and we are satisfied with that court's decision save in one particular. It is this: The eighth assignment of error is, "because the court

charged the jury that as defendants did not take the stand in their own defense, the jury could place such importance on this as they saw fit, when by the law the jury were limited in the consideration of this circumstance." The Supreme Court's deliverance upon this question was as follows: "There was no error in calling attention to the fact that the defendants, did not go upon the stand and testify in their own defense, and that the jury might give that fact consideration. *State* v. *Callahan,* 77 *N. J. L.* 685."

This is correct as far as it goes, as the trial judge had a right to call attention to the fact that the defendants did not testify in their own behalf, and to say to the jury that they might give the fact consideration. The trouble is that the trial judge went much further, and said that the jury could place such importance on the fact as they saw fit, which was erroneous. It is true, as contended for by defendant, that the jury were limited in the consideration of this circumstance. And they were limited to attributing to it a strong presumption of guilt only—not an unlimited presumption which might have attributed guilt to that fact alone.

In State *v.* Callahan the defendant, who was convicted of keeping a disorderly house, did not offer himself as a witness, and the court charged the jury, in substance, that where the evidence, if true, would be conclusive of the guilt of the accused, and he could disprove it by his own oath as a witness, then his silence would justify a strong inference that he could not deny the charge. And the Supreme Court said that it thought the charge correctly expressed the law adopted in this state, and that it was applicable to the facts of the case, citing *Parker* v. *State,* 61 *N. J. L.* 308, and *State* v. *Wines,* 65 *Id.* 31. And this court in that case (*State* v. *Callahan,* 77 *Id.* 685—at *p.* 686), commenting upon the language of the Parker case, said that it, taken abstractly, correctly stated a logical conclusion; that no one could doubt if the evidence tended to establish facts conclusive of defendant's guilt, which he can disprove by his own oath as a witness, if they are not true, his silence justifies a strong inference that he cannot deny the charge.

*State v. Parker, supra* (affirmed, this court, 62 *N. J. L.* 801, for the reasons given in the Supreme Court), is the leading case in this state on the question under consideration. There the Supreme Court held that when facts have been testified to by witnesses for the prosecution, which, if true, established defendant's guilt, which facts concern the actions of defendant, and if not true may be disproved by him, his failure to offer himself as a witness may be considered and commented upon. And in the body of the opinion (61 *Id.*, bottom of p. 313), Chief Justice Magie, speaking for the Supreme Court, said that if the defendant can disprove the charge against him by his own oath as a witness, then his silence would justify a strong inference that he could not deny the charge. In *State v. Wines, supra,* there was no direct evidence to connect defendant with the crime, and it was held error to instruct that the defendant's failure to testify, and to introduce evidence showing an *alibi,* created a natural and irresistible inference against him.

There are many other cases in this state on this question. In addition to the ones cited above, are *State v. Twining,* 73 *N. J. L.* 3; *S. C., Id.* 683; *State v. Skillman,* 76 *Id.* 464, 468; *State v. Banusik,* 84 *Id.* 640, 648; *State v. Dougherty,* 86 *Id.* 525, 549; *State v. Connors,* 87 *Id.* 419, 421; *State v. Schilling,* 95 *Id.* 145, 154; *State v. Bien, Id.* 474, 478. These cases, on varying states of fact and varying formulæ of expression in the charges, apply the law of the Parker case. In fact, the doctrine of the Parker case has come to be the settled law in this state.

The vice in the charge of the court, which is objected to, is that the judge instructed the jury that they could place such importance on the fact that the defendants did not take the stand in their own behalf as they saw fit. This left it open to the jury to find that the refusal of the defendants to deny facts which, if true, established their guilt, was tantamount to confession of guilt, which, in turn, would alone justify their conviction, when, as matter of law, it raised only a strong presumption that they could not deny such facts. A defendant in a criminal case is entitled to have the

jury consider all of the facts in evidence, even if he does not deny by his own oath such facts as criminate, or tend to criminate, him.    And he is entitled to the presumption of innocence unless and until the jury agree on a verdict of guilty upon a consideration of all of the evidence (*State* v. *Raymond,* 53 *N. J. L.* 260, 267), and this beyond a reasonable doubt.    *State* v. *Linker,* 94 *Id.* 411.    Although there was no request preferred by defendants to the court to charge on the question under consideration, nevertheless, as the judge assumed to charge upon it, he was required to charge correctly.    *State* v. *Linker, supra.*

The expression used in some of the cases that where facts are testified to which prove the guilt of the defendant, and he could by his oath disprove them, &c., is not exactly accurate.    Whether he could by his oath disprove them would depend upon whether his story was believed by the jury.    It would be more accurate to say that if facts are testified to which concern the acts of the defendant which he could by his oath deny, his failure to testify in his own behalf raises a strong presumption that he cannot truthfully deny them.

For the error in the charge pointed out above, which was prejudicial to defendants, the judgment must be reversed, to the end that a *venire de novo* may be awarded.

*For affirmance*—BLACK, KATZENBACH, JJ.    2.

*For reversal*—THE CHANCELLOR, PARKER, MINTURN, KALISCH, CAMPBELL, VAN BUSKIRK, CLARK, JJ.    7.