STATE OF NEW JERSEY, RESPONDENT, v. JOSEPH ANDERSON, DEFENDANT-APPELLANT.

Submitted October 10, 1947—Decided March 4, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the State of New Jersey, *Harold T. Parker,* Prosecutor of the Pleas.

For the defendant-appellant, *Herbert L. Worth.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. Joseph Anderson was indicted and convicted under an indictment for breaking and entering and theft. He did not take the stand, and the court commented upon that fact to the jury in the following words:

"The inferences to be properly drawn from the refusal of a defendant in a criminal case to testify in his own behalf are not overcome by his plea of not guilty, since such plea does not prevent him from testifying, and it is from his refusal to avail himself of that right that the inference that he cannot deny the charge can be drawn."

That instruction is counted upon as error.

The judge pursued the following sequence of ideas in addressing the jury: He first read the indictment in its entirety; he then charged upon reasonable doubt and burden of proof and did this in abstract language of the law without reference to the proofs in the case or the particular incidents of the trial. He next gave the instruction quoted above and, having done this, directed the jury to retire and to consider the indictment and the evidence and to bring in a verdict of either guilty or not guilty. With that presentation we think that the jury must have interpreted the quoted instruction to mean, and we are led to think that the judge intended it to mean, that the jury could infer from the defendant's refusal to testify in his own behalf that he could not deny the charge laid against him in the indictment. That was not, under the circumstances of the case and the condition of the proofs, an accurate statement of the pertinent rule as followed in this jurisdiction. Our appellate courts have not always been entirely clear in their expressions on the subject; but we think that the rule has never been more broadly stated by our Court of Errors and Appeals than to the effect that if, on the trial, the evidence tends to establish facts which would be conclusive of the defendant's guilt of the charge against him and he can disprove them by his own oath as a witness if the facts be not true, then his silence will justify a strong inference that he cannot deny the charge. That was the language used by the Supreme Court in *Parker* v. *State*, 61 *N. J. L.* 308, 313; affirmed by the Court of Errors and Appeals on the opinion

below, 62 *Id.* 801, and cited with approval in other Court of Errors and Appeals decisions, as *State* v. *Twining,* 73 *Id.* 683, 692; *State* v. *Callahan,* 77 *Id.* 685. It will be observed that the force of the inference is there made to depend upon the conclusiveness of guilt as shown by the proofs and of the ability of the defendant to deny those proofs if not true. The proof in the instant case was entirely circumstantial and, although sufficient in our opinion to take the case to the jury, was not conclusive even if believed. The probability is that the defendant could not truthfully have denied such matters as were put in proof, but those matters were circumstances which, assembled, merely enabled the jury, using the reasoning process, to deduce guilt by inference. Even during the period when the cited Court of Errors and Appeals cases were fully effective the lessened force of the rule when applied to circumstantial proofs was noticed in *State* v. *Wines,* 65 *Id.* 31, and in *State* v. *Twining, supra.* The later decisions in our court of last resort have tended toward the statement that the presumption which arises on the failure of the defendant to take the stand is that he cannot truthfully deny the facts which have been testified to against him, a somewhat different conception from that of a presumption of guilt arising directly from a failure to take the stand. In *State* v. *Kisik,* 99 *Id.* 385, Chancellor Walker, after reviewing the cases, concludes his discussion thus (at *p.* 388) :

"It would be more accurate to say that if facts are testified to which concern the acts of the defendant which he could by his oath deny, his failure to testify in his own behalf raises a strong presumption that he cannot truthfully deny them."

See, also, *State* v. *Boccadoro,* 105 *N. J. L.* 352, 357; *State* v. *Lennon,* 107 *Id.* 94. In *State* v. *Sgro,* 108 *Id.* 528, the following charge which had been given by the trial court was approved as a correct statement of the rule :

"In this case there is no direct evidence connecting the defendant with this crime, and under the law of this state his failure to take the stand creates no presumption of guilt, providing that, if facts are testified to which concern the acts of the defendant which he could by his oath deny, his failure

to testify in his own behalf raises a strong presumption that he cannot truthfully deny them."

Consistent therewith are the recent Supreme Court decisions in *State* v. *Friedman,* 135 *N. J. L.* 414, and *State* v. *Lutz,* 135 *Id.* 603; particularly the latter which says this:

"Thus, there was evidence of inculpative circumstances relating to acts of the accused which he could by his oath deny, if the evidence was without foundation in fact; and his failure to testify in his own behalf raised a strong presumption that he could not truthfully deny them. The omission enters into the evaluation of the proofs as a whole."

Also, see, *State* v. *Friedman* (*Court of Errors and Appeals,* 1948), 136 *N. J. L.* 527. The baleful effect of a defendant's failure to testify is measured by the proofs which go unanswered by the defendant under oath rather than by the mere failure *per se* to testify.

The charge as delivered in the case under appeal seems to have been taken by the judge from a syllabus in *State* v. *Bien,* 95 *N. J. L.* 474. However, it was not a precise reproduction of the wording of the syllabus, and the syllabus, in turn, does not fully reflect the holding of the opinion. We find that the charge was erroneous and harmful.

Other errors are alleged: The admission of certain papers found on the defendant's person at the time of the arrest; which we think was not harmful. The refusal to direct a verdict of acquittal, which we believe, in view of the proofs, was not erroneous. The aspect of the proofs with respect to the weight of the evidence; and we are not disposed to disturb the judgment on this ground.

The judgment of conviction will be reversed, because of error in the charge.