23 N.J. Super. 539 (1952)
93 A.2d 412
STATE OF NEW JERSEY, PLAINTIFF-APPELLEE,
v.
FRANK WILSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 1, 1952.
Decided December 12, 1952.
*540 Before Judges McGEEHAN, BIGELOW and JAYNE.
Mr. George Pellettieri argued the cause for appellant (Mr. N. Morton Rigg, attorney).
Mr. Harold T. Parker, Burlington County Prosecutor, argued the cause for respondent.
The opinion of the court was delivered by JAYNE, J.A.D.
The defendant was convicted of willfully, intentionally, and unlawfully keeping a place in the Township *541 of Florence, Burlington County, to which persons might resort for gambling. R.S. 2:135-3, now N.J.S. 2A:112-3.
We have reviewed the record in pursuance of the present appeal with particular relation to the several reasons assigned for reversal. A noticeable error in the court's charge to the jury is of itself decisive.
The defendant refrained from testifying. The trial judge instructed the jury that:
"In so far as the defendant Frank Wilson is concerned, his failure to testify in his own behalf raises a strong presumption that he could not truthfully deny the facts presented by the State."
The evidence presented by the State in the endeavor to establish the defendant's guilt was merely circumstantial. The presumption or inference does not arise unless the facts are inculpatory and assuredly does not arise unless the facts are those within the knowledge of the defendant and such as he could by his oath deny. The mere circumstance that a defendant fails to testify in his own behalf does not of itself originate the presumption. Vide, State v. Ellrich, 10 N.J. 146, 153 (1952).
The instruction was accordingly fractional and incomplete. Indeed, such an epitomized expression of the rule relating to the permissible presumption arising from the failure of a defendant to testify on his own behalf in a criminal case is not discoverable in any of the assortment of our prior adjudications on the subject. Vide, Parker v. State, 61 N.J.L. 308 (Sup. Ct. 1898), affirmed 62 N.J.L. 801 (E. & A. 1899); State v. Twining, 73 N.J.L. 3, 12 (Sup. Ct. 1905), affirmed 73 N.J.L. 683 (E. & A. 1906); State v. Callahan, 77 N.J.L. 685 (E. & A. 1909); State v. Di Benedetto, 82 N.J.L. 168 (Sup. Ct. 1912), affirmed 83 N.J.L. 792 (E. & A. 1912); State v. Banusik, 84 N.J.L. 640, 648 (E. & A. 1906); State v. Schlosser, 85 N.J.L. 165 (Sup. Ct. 1914), affirmed 86 N.J.L. 374 (E. & A. 1914); State v. Connors, 87 N.J.L. 419 (Sup. Ct. 1915); State v. Frank, 90 N.J.L. 78 (Sup. Ct. 1917), affirmed 91 *542 N.J.L. 718 (E. & A. 1918); State v. Schilling, 95 N.J.L. 145 (E. & A. 1920); State v. Kisik, 99 N.J.L. 385 (E. & A. 1924); State v. Boccadoro, 105 N.J.L. 352 (E. & A. 1929); State v. Lennon, 107 N.J.L. 94 (E. & A. 1930); State v. Gimbel, 107 N.J.L. 235 (E. & A. 1930); State v. Lang, 108 N.J.L. 98, 104 (E. & A. 1931); State v. Jefferson, 131 N.J.L. 70, 75 (E. & A. 1943); State v. Friedman, 135 N.J.L. 414 (Sup. Ct. 1947), and opinion on appeal, 136 N.J.L. 527 (E. & A. 1948); State v. Anderson, 137 N.J.L. 6 (Sup. Ct. 1948); State v. Edelman, 19 N.J. Super. 350 (App. Div. 1952).
The attorney of the defendant did not register any objection at the trial to this passage of the charge. We have therefore cogitated the probable resultant effect of the deficient instruction upon the substantial rights of the defendant. Rules 1:2-19(a); 4:2-6. In this field of inquiry, we notice that the trial judge did not qualify the presumption of which he spoke in any other respects. The jury was not informed that the presumption to which reference was made did not destroy the presumption of innocence and did not constitute a presumption of guilt.
An instruction in this category delivered to a jury otherwise uninformed of the limitational and discriminative elements of the presumption has intrinsically a prejudicial tendency unless it is imparted with essential accuracy.
It is concluded that in view of the record in the present case the charge in the particular mentioned constituted a plain error prejudicially affecting the substantial rights of the defendant.
The judgment of conviction is reversed.