24 N.J. Super. 49 (1952)
93 A.2d 620
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANTHONY MARINELLA, JOHN MARINELLA AND RALPH MARANO, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 10, 1952.
Decided December 16, 1952.
*50 Before Judges McGEEHAN, JAYNE and GOLDMANN.
Mr. Joseph Tomaselli argued the cause for appellants (Messrs. Malandra & Tomaselli, attorneys).
Mr. Harold T. Parker, Prosecutor of the Pleas of Burlington County, argued the cause for respondent.
*51 The opinion of the court was delivered by JAYNE, J.A.D.
The three defendants, who unite in the prosecution of the present appeal, were jointly indicted and convicted of the criminal offense of willfully and unlawfully keeping a place to which persons might resort for gambling. N.J.S. 2A:112-3.
Of the six specified grounds of appeal our attention concentrates particularly upon the second, which pertains to a passage in the instructions imparted to the jury by the court.
Although several witnesses were called to testify on behalf of the defendants, none of the defendants chose to testify. The failure of the defendants to do so undoubtedly actuated the trial judge to inform the jury:
"Under our law a defendant cannot be compelled to testify, but he is competent to testify and he has the right to testify. His failure to be a witness in his own behalf is no presumption of guilt, and does not erase the presumption of innocence, but if facts are testified to which concern the acts of that particular defendant which he could by his oath deny, his failure to testify in his own behalf raises a strong presumption that he could not truthfully deny those facts." (Italics supplied.)
The legal applicability of this passage of the charge and its propriety as an expression of the logical principle are criticized by the defendants.
The rule which relates to the permissible presumption or inference produced by the failure of a defendant to testify on his own behalf in a criminal case has undergone noticeable judicial attention. Vide, Parker v. State, 61 N.J.L. 308 (Sup. Ct. 1898), affirmed 62 N.J.L. 801 (E. & A. 1899); State v. Twining, 73 N.J.L. 3, 12 (Sup. Ct. 1905), affirmed 73 N.J.L. 683 (E. & A. 1906); State v. Callahan, 77 N.J.L. 685 (E. & A. 1909); State v. Di Benedetto, 82 N.J.L. 168 (Sup. Ct. 1912), affirmed 83 N.J.L. 792 (E. & A. 1912); State v. Banusik, 84 N.J.L. 640, 648 (E. & A. 1906); State v. Schlosser, 85 N.J.L. 165 (Sup. Ct. 1914), affirmed 86 N.J.L. 374 (E. & A. 1914); State v. Connors, 87 N.J.L. 419 (Sup. Ct. 1915); State v. Frank, 90 N.J. *52 L. 78 (Sup. Ct. 1917), affirmed 91 N.J.L. 718 (E. & A. 1918); State v. Schilling, 95 N.J.L. 145 (E. & A. 1920); State v. Kisik, 99 N.J.L. 385 (E. & A. 1924); State v. Boccadoro, 105 N.J.L. 352 (E. & A. 1929); State v. Lennon, 107 N.J.L. 94 (E. & A. 1930); State v. Gimbel, 107 N.J.L. 235 (E. & A. 1930); State v. Lang, 108 N.J.L. 98, 104 (E. & A. 1931); State v. Jefferson, 131 N.J.L. 70, 75 (E. & A. 1943); State v. Friedman, 135 N.J.L. 414 (Sup. Ct. 1947), and opinion on appeal, 136 N.J.L. 527 (E. & A. 1948); State v. Anderson, 137 N.J.L. 6 (Sup. Ct. 1948); State v. Edelman, 19 N.J. Super. 350 (App. Div. 1952).
In many states statutes relating to the subject have been enacted and their constitutionality debated. Anno., 94 A.L.R. 701. An exploration of the numerous cognate decisions beyond those within the boundaries of our own jurisdiction would be more improvident than useful.
But, as former Chief Justice Case remarked in State v. Anderson, supra, "Our appellate courts have not always been entirely clear in their expressions on the subject."
In an analytic study of an instruction of the court within this category it is judicious to observe whether the postulate of the instruction relates merely to inculpatory acts of the defendant and criminatory facts of which the defendant has knowledge or to facts within his cognizance which are conclusive of his guilt.
The postulate regulates the nature and extent of the permissible inference. In the former instance, the only deductive inference is that the defendant cannot truthfully deny those facts; in the latter, the more expansive inference arises that he cannot truthfully deny the accusation of guilt alleged in the indictment. This we recognize to be the rationale of the more recent pertinent decisions of our appellate courts.
We pause, however, to recommend that in employing the not unfamiliar expression, "if facts are testified to which concern the acts of the defendant," the facts or acts should *53 be more explicitly limited to those which are inculpative and imputative in some degree of guilt.
The propriety of instructions to a jury is normally determined not only by a consideration of their legal inherence and soundness but of their applicability to the evidential characteristics of the particular case.
It may be reasonably conceded that the evidence adduced by the State to establish the guilt of these defendants was circumstantial. But there was direct evidence of facts within the personal knowledge of each of these defendants implicating circumstantially his conscious deportment which tended to inculpate him. Assuredly the jurors understood from the language of the charge that it was only those undenied or unexplained facts concerning the acts of each defendant to which the trial judge referred. Noticeably the particular instruction was confined to the presumption that the defendants could not truthfully deny those facts.
The jurors were informed that the failure of a defendant to testify creates no presumption of guilt or erasure of the presumption of his innocence. The trial judge in the present case merely informed the jury of the presumption available to them in their evaluation of the credibility of the evidence pertaining to "those facts." Cf. State v. Lennon, supra. In view of the proof of some inculpatory facts the portion of the charge to the jury here sought to be impugned was not erroneous. In State v. Costa, 20 N.J. Super. 28 (App. Div. 1952), there was an absence of proof of any inculpatory facts of which the defendant was shown to have had knowledge.
We perceive no fallacy in the comments of the court in that sector of the charge pertaining to the essential elements of circumstantial evidence to be considered. The words "sufficiently strong" as used in the clause "whether the inference of guilt deduced from such facts is, in the judgment of the jurors, sufficiently strong to justify a conviction * * *" are elucidated by the instruction that "the burden is upon the State to prove beyond a reasonable doubt every material element of the crime," and "such burden of *54 proof remains upon the prosecution throughout the entire case and never shifts to the defendant, that is, the defendants in this case." Proof "sufficiently strong to justify a conviction" is thus explained to the jury to be proof "beyond a reasonable doubt of every material element of the crime."
Neither Point IV which relates to the denial in part of the defendants' demand for particulars  vide, State v. Hatfield, 66 N.J.L. 443 (Sup. Ct. 1901), affirmed 67 N.J.L. 354 (E. & A. 1902); State v. Morris, 98 N.J.L. 621 (Sup. Ct. 1923), affirmed 99 N.J.L. 526 (E. & A. 1924); State v. Lang, 108 N.J.L. 98 (E. & A. 1931); State v. Dolbow, 117 N.J.L. 560 (E. & A. 1937)  nor Point V which is addressed to the objections which were sustained to two empty questions propounded to the witness Forkin on cross-examination, exhibits any justifiable reason to reverse the judgment. State v. Todaro, 131 N.J.L. 59 (Sup. Ct. 1943), affirmed 131 N.J.L. 430 (E. & A. 1944), appeal dismissed 323 U.S. 667, 65 S.Ct. 73, 89 L.Ed. 542 (1944).
The two remaining specifications of error bear upon the failure of the trial judge to grant the application of the defendants for a new trial and upon the protestation that the verdict was irreconcilable with the weight of the evidence.
We recognize that the evidence adduced by the State, when scrutinized in its probative application to all of the essential elements of the crime charged, is rather frail, but in the exercise of our appellate function we are not at liberty, where the evidence is fairly susceptible to divergent inferences, to invade the constitutional operations of the jury and overturn the judgment of that body unless it clearly and convincingly appears that the verdict was induced by the influences of mistake, passion, prejudice or partiality. Rule 1:2-19 (a); Hager v. Weber, 7 N.J. 201, 210 (1951); State v. Narushef, 15 N.J. Super. 483 (App. Div. 1951), certif. denied 8 N.J. 412 (1952). We do not place the verdict in the present case within the exceptional class.
The judgment under review is affirmed.