26 N.J. Super. 459 (1953)
98 A.2d 118
STATE OF NEW JERSEY, PLAINTIFF-APPELLEE,
v.
JAMES CHRISTY AND GEORGE RABATIN, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1953.
Decided June 22, 1953.
*461 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. George Pellettieri argued the cause for appellants.
Mr. Harold T. Parker, County Prosecutor, argued the cause for respondent.
The opinion of the court was delivered PER CURIAM.
The antecedent events in this criminal prosecution may be disclosed briefly. On September 19, 1952 the grand jury presented against James Christy, George Rabatin, Julius Litus and Frank Hegyi an indictment composed of two counts in the first of which it charged the defendants therein named with the perpetration jointly on July 1, 1952 of an atrocious assault and battery upon one Carl Revy. The second count accused them of the commission *462 jointly on the same occasion and upon the same person of a simple assault and battery.
The defendants were tried, and the petit jury returned the verdict: "Guilty against all four defendants on all counts." The defendants Christy and Rabatin were each sentenced to imprisonment in the New Jersey State Prison and they prosecute the present appeal.
Counsel for these appellants contends that the judge committed 11 errors in the conduct of the trial, many, if not all, of which necessitate the reversal of the judgments of conviction.
It is observed that substantially all of them pertain to the court's charge to the jury. It accordingly will be illustrative and expedient to reproduce verbatim et literatim those passages of the charge which have primarily attracted our attention.
Particularly noticeable is the court's characterization of the presumption of innocence. We quote:
"The Court has already told you that the State must prove its case and must prove it to you beyond a reasonable doubt. Now, what do we mean by that? As introductory to that, the Court will reiterate the criminal law has extended its charity to the accused by accrediting to him the legal presumption of his innocence until the contrary is shown, and shown beyond a reasonable doubt. He is always entitled to such a charge unless there has been a substantial admission on his part."
Thus the jurors heard the court explain that the law confers upon a defendant accused of crime the presumption of innocence as a charity to be accredited to him "unless there has been a substantial admission on his part." We have supposed the presumption of innocence to be an elementary, axiomatic, almost sacrosanct principle which for centuries has been embedded in the very foundation of the administration of our criminal law.
Greenleaf traces the origin of this principle to Deuteronomy and quotes Mascardus de Probationibus to disclose that the principle was in substance embodied in the laws of Sparta and Athens. True, the author of an article *463 in the North American Review, January 1851, stated that no express mention of the presumption of innocence as a legal principle is discoverable in the books of the common law earlier than 1802. Whether the assertions of those explorers of the law are true or mistaken, we shall not take the time to inquire. We do not, however, hesitate to express the conviction that in the law the presumption of innocence of one criminally accused is a principle to the benefit of which the accused is lawfully entitled rather than merely a charitable gratuitous bestowal.
Moreover the trial judge superimposed a vague qualification upon the right of the defendants to have the jury informed of the presumption. He stated that a defendant was "entitled to such a charge unless there has been a substantial admission on his part." There is in the criminal law and procedure an egregious distinction between an admission which may be of fact and a confession of guilt. To illustrate, an "admission" by a defendant that he was at the scene of the crime might be classified as a "substantial" one, yet it does not deprive the defendant of the presumption of innocence. However, the court did not impart to the jury any elucidative explanation of the type or quality of an admission which would have the substantiality to render a defendant undeserving of the so-called benevolent presumption of the law.
Indeed, the court said nothing more in his charge on the subject of the presumption of innocence although counsel for the defendants had placed before him the following pertinent requests:
"1. The defendants are presumed to be innocent and unless the crime charged, in each of its elements, is proved against them beyond a reasonable doubt, they are entitled to an acquittal. The burden of proving the defendants guilty rests upon the prosecution and never shifts.
2. The defendants are entitled to the presumption of innocence unless and until the jury agree upon a verdict of guilty upon consideration of all the evidence, and this beyond a reasonable doubt.
3. A person charged with crime is presumed to be innocent until proven guilty. This presumption abides with him through the trial. *464 Therefore, when the jury go from the bar of the court to their room to deliberate, they enter the jury room with the presumption of innocence still protecting the defendants. In the various mental conditions, ranging from that in which the jury think the defendants innocent to that in which they are convinced beyond a reasonable doubt of their guilt, they are entitled to the benefit of their uncertainty.
4. The presumption of defendants' innocence continues until overcome by proof establishing their guilt beyond a reasonable doubt."
The authoritative sources of those requests are the decisions in State v. Raymond, 53 N.J.L. 260, 267 (Sup. Ct. 1891); State v. Burke, 81 N.J.L. 93 (Sup. Ct. 1911); State v. Linker, 94 N.J.L. 411 (E. & A. 1920); State v. Kisik, 99 N.J.L. 385 (E. & A. 1924); State v. D'Orio, 136 N.J.L. 204 (E. & A. 1947). The requests to charge were denied and objection thereto noted at the trial.
Before concluding the discussion of this portion of the court's charge relating to the presumption of innocence, we must divulge that we have also noticed with additional concern that counsel for the defendants asked in request No. 5 the court to instruct the jury that the "Failure of the accused to testify as a witness does not destroy the presumption of innocence." The defendants-appellants had not chosen to testify. The rule of law which the court was properly importuned to express to the jury was applicable to the situation in the case. The request was denied and we discover nothing of equivalent import in the charge.
It has been emphatically stated by our appellate courts that a pronouncement of a rule or direction of law must not be so equivocally or ambiguously expressed by the court to invite its likely misinterpretation by the jury. We find, for example, the following instruction by the court in the present case:
"* * * You, in evaluating the testimony of the witnesses, will take into consideration the character of the persons involved in the incident, whether they were normally functioning or abnormally functioning, whether they were in such a position that they could see and know what was going on." (Emphasis supplied.)
*465 It seems more than probable that the jury would regard the defendants also as "persons involved in the incident" whose "character" should be taken "into consideration" in "evaluating the credibility of the testimony of the witnesses." The character of these defendants had not been attacked nor were they witnesses in their own behalf. 20 Am. Jur. 304, § 325. The jury may well have inferred from the evidence that the defendants were intoxicated and that in view of their presence in a saloon at such an unusual hour in the morning they were persons of bad character "involved in the incident."
Another excerpt from the charge:
"When the State presents direct evidence of a material fact which is prejudicial to the defendant and which is within his personal knowledge, then his failure to deny the fact justifies an inference unfavorable to the defendant." (Emphasis supplied.)
The rule which relates to the permissible presumption or inference produced by the failure of a defendant to testify on his own behalf in a criminal case has undergone judicial attention recently in State v. Marinella, 24 N.J. Super. 49 (App. Div. 1952), cert. den., 11 N.J. 612 (1953), and in State v. Costa, 11 N.J. 239, 253 (1953).
Manifestly the quoted instruction of the court does not conform to the rule expressed in those decisions. It is quite conceivable that a fact may be "prejudicial" but not inculpatory and that a multitude of inferences might be catalogued as "unfavorable to the defendant."
Requests to charge Nos. 14 and 15 read as follows:
"14. An indictment is not evidence of the facts charged therein and is not evidence of guilt. It is simply an accusation, not proof.
15. The indictment is not evidence against the defendants and is not to be considered as such during the jury's deliberation upon the evidence in this case."
The transcript of the charge as stenographically reported and certified informs us that the court stated: "Both counsel agree, so it is hardly necessary for me to say that *466 the indictment is evidence." (Italics ours.) Cf. State v. D'Orio, supra. It is difficult to suppress the conjecture that the court's statement was momentarily inarticulate and is incorrectly reported. Perchance it may have been an inadvertent slip of the tongue. Pragmatically, we cannot ascribe dubious authenticity to the records transported to us on appeals with the tacit acquiescence of the parties.
The trial judge was not laconic in his representations of circumstantial evidence, yet he declined to charge defendants' request No. 11:
"11. When the case against a defendant is made up wholly of a chain of circumstances, and there is reasonable doubt in the minds of the jurors as to any fact, the existence of which is essential to establish guilt, the defendants should be acquitted."
Vide, State v. Hauptmann, 115 N.J.L. 412, 432 (E. & A. 1935), certiorari denied 296 U.S. 649, 56 S.Ct. 310, 80 L.Ed. 461 (1935). We discern no impropriety in the request or justification to have rejected it in the discussion of the probative influentiality of circumstantial evidence.
Requests to charge Nos. 8, 9, 10, and 12 expressed stable principles of law of relevance to the case and in our opinion they may have been fairly and appropriately utilized in the instructions to the jury. State v. Raymond, supra; State v. Andrews, 77 N.J.L. 108 (Sup. Ct. 1908); State v. Donohue, 2 N.J. 381, 390 (1949); State v. Geltzeiler, 101 N.J.L. 415 (E. & A. 1925).
For the reasons to which we have alluded we are impelled to reverse the convictions.
Judgments reversed.