THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HERMAN FRIEDMAN, PLAINTIFF IN ERROR.

Submitted October 31, 1947—Decided January 29, 1948.

528

For the plaintiff in error, *Kessler & Kessler* (*Samuel Kessler*, of counsel).

For the defendant in error, *Duane E. Minard, Jr.,* Prosecutor of the Pleas, and *C. William Caruso,* Assistant Prosecutor of the Pleas.

The opinion of the court was delivered by

OLIPHANT, CHANCELLOR. The plaintiff in error was convicted in the Essex County Quarter Sessions upon an indictment charging the breaking and entering, by night and by day, of a certain dwelling house of one Boorse, with the intent to steal, &c., and the larceny and the receiving of goods and chattels of the householder named. The plaintiff in error was sentenced to the State Prison for a term of imprisonment of three to five years at hard labor. The Supreme Court on error affirmed the conviction and judgment. *State* v. *Friedman,* 135 *N. J. L.* 414.

The cause is now before this court on writ of error, bill of exceptions and on the certification of the entire record of the trial proceedings, pursuant to *R. S.* 2:195–16. The single and proper assignment of error, that the Supreme Court erred in affirming instead of reversing the judgment of the Essex County Court of Quarter Sessions, &c., makes available in this court the assignments of error and the identical specifica-

tions of causes for reversal raised by the plaintiff in error below.  *State* v. *Verona,* 93 *N. J. L.* 389, 391.

The state proved the following facts. On June 26th, 1945, there was a forced entry of the Boorse dwelling between 9:45 A. M. and 5:30 P. M., while the occupants were absent, and goods were stolen therefrom. On that day the plaintiff in error, who was in the second-hand furniture business, made two trips to the residence of one Levenson, which was two doors from the Boorse house, to arrange for the dismantling and carting away of a pool table. He was there at 11:30 A. M. for a half hour and he returned at 2:00 P. M. with a truck and helper. The pool table was dismantled and taken out by the plaintiff in error and the helper in the presence of the Levenson boy. This work, including taking the parts out of the cellar and loading the truck, consumed a half hour. On direct examination this boy testified that the plaintiff in error was out of the cellar for twenty minutes of this half hour but on cross-examination he testified he meant the plaintiff in error was out of the cellar twenty minutes of the half hour while carrying things out to the truck.

Some time during that day the Boorse home was broken into and certain property was stolen, none of which has been recovered or found. Entrance was effected through a cellar window leading into the laundry. Among the brush tracked in by the intruder was a slip of paper on which was typed "Nathan Frischer, 124 Gruman Ave., Newark, N. J."

Frischer testified that he couldn't read or write and that he made a practice of using these slips out of the mailing wrappers of a weekly paper which he received by mail. He testified that he had left one of these slips at the plaintiff in error's store sometime in "the early part of June or around June 23d or so" when he left an order for the repair of a gas stove. He also said that at or about the same time he had given an identical slip to a carpenter, whose name and address he had forgotten but he had given the carpenter's name to the police.

The state introduced a statement given to the police in which the plaintiff in error admitted receiving such a slip from his father at the store and said he went to Frischer's

house on June 25th in the evening but no one was home and looked over the stove which was in the cellar. Frischer was not sure of the date but he testified that a tenant told him someone did come to look at the stove while he was out. The plaintiff in error testified he' thought he put the slip in the desk at the store but was not sure. The statement goes on to identify the slip as the one he had. Frischer testified it was the same one but admitted the one he gave the carpenter was identical.

This statement of the facts substantially sets out the state's case. The plaintiff in error moved for a direction of a verdict which was denied and then rested his case without taking the stand.

Point I is that the trial court erred in charging the jury as follows:

"The defendant chose not to take the witness stand. A defendant in a criminal proceeding may testify in his own behalf if he so desires though he cannot be compelled to be a witness against himself, but when the accused is upon trial and the evidence tends to establish facts, which if true would be conclusive of his guilt of the charge against him and he can disprove them by his own oath as a witness if the facts be not true, then his silence would justify a strong inference that he could not deny the charge."

It appears from the record that the jury, after some deliberation, returned and requested further instruction as to this portion of the charge and the trial court repeated *verbatim* the above excerpt.

The plaintiff in error argues that the instruction here given only applies where there is direct evidence of acts inculpating a defendant which he could have denied. He argues there was nothing he could have denied if he had taken the stand which was not already admitted or denied in his statement. There was no testimony that he had entered the Boorse house, or that he ever had or did have possession of any of the stolen articles, or that he was at the scene of the crime. His statement, rightly or wrongly, identified the Frischer address slip as the one left at the store, which statement was made at a time when the plaintiff in error was not informed of nor did

he have knowledge of the possible existence of other slips exactly like this one.

The charge as given in this case has had the approval of this court only where there was direct proof of particular guilty or inculpatory acts which the defendant could specifically deny or contradict, if they were untrue, by taking the stand as a witness. *Parker* v. *State,* 61 *N. J. L.* 308; *affirmed,* 62 *Id.* 801; *State* v. *Callahan,* 77 *Id.* 685; *State* v. *Kisik,* 99 *Id.* 385; *State* v. *Boccadoro,* 105 *Id.* 352.

But there is a distinction between that situation and one when the evidence is merely circumstantial from which the jury may draw an inference of the defendant's guilt of the charge. The defendant could only meet such a possible inference by a general denial of the charge. This he does not have to do and therefore he cannot be criticised for such refusal. It is only when there is proof that he has specific knowledge of facts directly charging and making out his guilt that he is so criticisable, and under such circumstances the proper charge is that where facts are testified to concerning the acts of the defendant which would be conclusive of his guilt and which he could, under oath, deny and controvert, his failure to testify in his own behalf raises a strong presumption that he could not deny those facts. *State* v. *Wines,* 65 *N. J. L.* 31; *State* v. *Twining,* 73 *Id.* 683, 692; *State* v. *Broccadoro, supra; State* v. *Lennon,* 107 *Id.* 94.

It is settled that evidence may be admitted against an accused establishing that declarations or charges of guilt were made to him to which he made no reply. Such evidence, though not direct, is admitted on the theory that his acquiescence thereto by conduct is shown by his silence at a time when he or any person would naturally speak and deny such charges. But he is not called upon to make such denial when such charges are made in the course of a judicial proceeding where he is not called upon to answer directly. Then his silence proves nothing. *Parker* v. *State, supra* (at *p.* 313).

Such is the basis of the distinction in the application of the rule of *Parker* v. *State, supra,* mentioned above. If the accused is not required to generally deny a direct charge of guilt made in the course of a trial, *a fortiori* he cannot be

criticised for failure to deny a mere possible inference of guilt arising from circumstantial evidence.

The charge, excepted to here, applies only where there is direct proof of inculpatory acts of the accused and proof from which it can be inferred that the accused might have sufficient knowledge to permit him to either deny or contradict such facts, if they are untrue. Where, as here, no single fact was proven that pointed directly to the guilt of defendant we believe the part of the charge excepted to was erroneous and harmful.

A consideration of the challenged part both separately and with the charge as a whole leaves the impression that its language carried greater weight and more binding importance than a mere comment on the evidence. *State* v. *Jefferson,* 129 *N. J. L.* 308, 309; *Cf. State* v. *Wines, supra.*

The salient proof in this cause was circumstantial and susceptible of conflicting inferences, both favorable and unfavorable to the plaintiff in error. The jury should have been left free to consider all proofs in the case for what they were worth with due regard to the presumption of innocence and the benefit of reasonable doubt. This the part of the charge excepted to did not permit.

For the reasons stated we consider this harmful error and in our opinion the plaintiff in error suffered manifest wrong or injury in the charge of the court.

We find no error in the other points raised.

The judgment under review is therefore reversed, to the end that there be a new trial.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, BODINE, DONGES, EASTWOOD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 10.