9 N.J. Super. 51 (1950)
74 A.2d 624
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALBERT GAWRONSKI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 17, 1950.
Decided July 28, 1950.
*52 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Benjamin Asbell argued the cause for the plaintiff-respondent (Mr. Mitchell H. Cohen, Prosecutor of Camden County, attorney).
Mr. Joseph Tomaselli argued the cause for the defendant-appellant (Messrs. Malandra & Tomaselli, attorneys).
The opinion of the court was delivered by EASTWOOD, J.A.D.
Defendant appeals from a judgment of conviction of "unlawfully and knowingly" having in his possession certain papers commonly known and characterized as "numbers slips" in violation of R.S. 2:147-3.
The facts are not in dispute. On May 25, 1949, a police officer of the City of Camden observing that defendant's car was out of control, stopped it, and finding him in an unconscious condition, had him removed to a hospital. At the hospital, defendant's personal belongings, including several envelopes containing money and "numbers slips," were removed from his pockets. When defendant was about to be discharged from the hospital the following day, he identified his personal property in the presence of a city detective and signed a receipt for it. Thereupon, the police officer seized the contraband material and placed defendant under arrest. The defendant later admitted to the city detective that the "numbers slips" were his property. His indictment and conviction followed. The defendant did not testify nor did he offer any other witnesses at his trial.
Defendant advances three grounds for a reversal of his conviction: (1) the trial court erroneously denied motions for a judgment of acquittal at the conclusion of the State's case *53 and at the close of the entire case; (2) the verdict is contrary to the weight of the evidence; and (3) the trial court erred in its charge to the jury.
Our examination of the record convinces us that there is no merit to the first ground of appeal.
In arguing the second ground for reversal, defendant contends that "A. There is no proof from which the jury could infer knowledge on the part of defendant" and "B. There is no proof from which the jury could infer legal possession." The theory advanced by defendant is that because he was unconscious at the time the contraband material was removed from his clothes he could not have knowingly committed and, consequently, he lacked the legal capacity to commit the crime in question. To give legal sanction to defendant's contentions would result in an absurd and unwarranted distortion of the legislative intendment of R.S. 2:147-3. If this construction were placed upon the statute, then one in unlawful possession of contraband material, on observing the approach of a police officer, to avoid successful prosecution of his offense, need only to simulate unconsciousness. The defendant's admission that the "numbers slips" were his property implied prior possession thereof and clearly justified an inference by the jury that he "knowingly and unlawfully" had them in his possession. We think the rule of law is clear that the jury may infer guilty knowledge from proof of possession of contraband articles in violation of the pertinent statute. State v. Collins, 63 N.J.L. 316 (E. & A. 1899).
With respect to the third ground of appeal, defendant argues that the court erred in that portion of its charge wherein he commented upon the failure of the defendant to take the stand and the legal presumption arising therefrom. The particular portion of the charge objected to reads as follows:
"Ladies and gentlemen of the jury, the defendant has not taken the stand, and under our law a defendant cannot be compelled to testify. That is, the state could not call the defendant to testify in this case. So that under our law, he cannot be compelled to testify. He is *54 competent however to testify, and he has a right if he so desires to testify. His failure to be a witness in his own behalf raises no presumption of guilt. But if facts are testified which concern the acts of the particular defendant, which he could by his oath deny, his failure to testify in his own behalf raises a strong presumption that he could not truthfully deny those facts. That means, ladies and gentlemen of the jury, and I so charge you, that if these are any acts which have been testified to by the state that the defendant could deny upon the stand, that is his acts, testified as having been done by him, that if he could truthfully deny those acts, his failure to testify raises a strong presumption that he could not truthfully deny those facts."
Defendant relies upon the case of State v. Friedman, 136 N.J.L. 527 (E. & A. 1948). In the Friedman case, the defendant did not testify in his own behalf and, in commenting thereon, the court charged the jury as follows:
"The defendant chose not to take the witness stand. A defendant in a criminal proceeding may testify in his own behalf if he so desires though he cannot be compelled to be a witness against himself, but when the accused is upon trial and the evidence tends to establish facts, which if true would be conclusive of his guilt of the charge against him and he can disprove them by his own oath as a witness if the facts be not true, then his silence would justify a strong inference that he could not deny the charge."
The Court of Errors and Appeals held that the State did not produce any direct evidence of acts inculpating the defendant which he could have denied; that the State's evidence was merely circumstantial; therefore, its charge, under the circumstances, was erroneous, holding that:
"* * * there is a distinction between that situation and one when the evidence is merely circumstantial from which the jury may draw an inference of the defendant's guilt of the charge. The defendant could only meet such a possible inference by a general denial of the charge. This he does not have to do and therefore he cannot be criticised for such refusal. It is only when there is proof that he has specific knowledge of facts directly charging and making out his guilt that he is so criticisable, and under such circumstances the proper charge is that where facts are testified to concerning the acts of the defendant which would be conclusive of his guilt and which he could, under oath, deny and controvert, his failure to testify in his own behalf raises a strong presumption that he could not deny those facts."
*55 In the case sub judice, the evidence adduced by the State embraced inculpatory facts concerning defendant's conduct, which, if untrue, the defendant could have taken the stand and denied. For instance, the defendant could have denied that the slips were his property; that they were in his possession while conscious; or that he had any knowledge of their unlawful character. He chose, however, as was his right, not to take the stand to refute any of the inculpatory testimony elicited from the State's witnesses. Under such circumstances, the court properly commented on his failure to take the stand. State v. Friedman, supra; Cf. State v. Gimbel, 107 N.J.L. 235 (E. & A. 1930).
The judgment of conviction is affirmed.