**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4924-15T2

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

YEIMY ACOSTA,

    Defendant-Respondent.

_____

Submitted December 22, 2016 - Decided  February 22, 2017

Before Judges Lihotz and O'Connor.

On appeal from Superior Court of New Jersey,
Law Division, Passaic County, Indictment No.
15-05-0457.

Camelia M. Valdes, Passaic County Prosecutor,
attorney for appellant (Christopher W. Hsieh,
Chief Assistant Prosecutor, of counsel and on
the brief).

Joseph E. Krakora, Public Defender, attorney
for respondent (Peter T. Blum, Assistant
Deputy Public Defender, of counsel and on the
brief).

PER CURIAM

    The State appeals from a June 30, 2016 order allowing

defendant Yeimy Acosta to enroll in the county Pretrial

Intervention Program (PTI), over the State's objection. In a single point on appeal, the State argues:

> THE ORDER ENROLLING DEFENDANT INTO PTI OVER THE STATE'S OBJECTION SHOULD BE REVERSED, AS THE STATE'S OBJECTION WAS BASED UPON REVIEW OF RELEVANT CRITERIA SET FORTH IN N.J.S.A. 2C:43-12 AND WAS NOT A PATENT AND GROSS ABUSE OF DISCRETION.

Following our review, we are compelled to reverse the judge's opinion, as admission to PTI is not an appropriate remedy when the court finds the prosecutor failed to address all relevant factors in a PTI review. We remand the matter for further proceedings consistent with our opinion.

Defendant was charged in a three-count indictment with: third-degree offenses of possession of gambling records, N.J.S.A. 2C:37-3(a)(1) and N.J.S.A. 2C:37-3(a)(2); promoting gambling, N.J.S.A. 2C:37-2(a)(1); and a fourth-degree offense of maintaining a gambling resort, N.J.S.A. 2C:37-4(a). The charges were issued after police surveillance determined an illegal sports betting operation was conducted from Fransol Enterprises, Inc., a purported copy and print shop. A search incident to a warrant recovered a computer, a gambling line sheet, Dominican Lottery slips, a bundle of currency, and wager slips. Police arrested defendant who was the only employee present. Defendant applied for PTI, stating she worked for Fransol Enterprises, Inc., which

she knew was "a gambling store," admitted she knew what was going on, and noted the "owner never showed."

The Criminal Division Manager, as PTI Director, rejected defendant's PTI application. Relying on defendant's prior arrests and convictions for violating an ordinance in 2006, distribution of narcotics in a school zone in 2007, and a disorderly persons offense in 2014, the PTI Director concluded PTI was "unlikely to deter future criminal and disorderly conduct." The Director elaborated, stating "defendant's prior record indicates a behavioral pattern not conductive to short-term rehabilitation and indicates PTI will not serve as a sufficient sanction to deter future criminal behavior." Since defendant had been on probation for the drug distribution offense, but again engaged in criminal conduct, the Director recommended probation as a more appropriate lengthier supervision tool, to assure defendant continued to live a law-abiding life.

The prosecutor reviewed the PTI request and the Director's assessment. Concurring with the PTI Director's rejection of defendant's application, the prosecutor cited these factors in his written denial of PTI admission: the nature of the offense; the facts of the case; the needs and interests of the victim and society; the fact the crimes were part of a continuing pattern of anti-social behavior; and defendant's criminal record reflecting

3                                                    A-4924-15T2

she is a danger to others.  N.J.S.A. 2C:43-12(e)(1), (2), (7), (8), (9) and (17).

Defendant appealed.  She argued the evidence showed she was amenable to change because she left the offending place of employment to undertake a job in a doctor's office, and expressed a desire to further her education.  She steadily worked, cared for her young child, and maintained the value of PTI supervisory treatment outweighed the public's need for prosecution.

The reviewing judge issued a letter opinion, overriding the prosecutor's denial, and ordered defendant's admission to PTI. The State filed the instant appeal.

As provided by N.J.S.A. 2C:43-12 and the Guidelines set forth in Rule 3:28, "PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'"  State v. Roseman, 221 N.J. 611, 621 (2015) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)).  N.J.S.A. 2C:43-12 articulates the factors relevant to determining a defendant's suitability for PTI and the applicable procedures, which must be followed in that evaluation.  Specifically, N.J.S.A. 2C:43-12(e) frames factors considered first by the Criminal Division Manager and then by the prosecutor.  Ibid.  The statutory list is not

exhaustive and additional relevant facts may be considered. State v. Negran, 178 N.J. 73, 84 (2003).

Any defendant may apply for admission into PTI. Guided by the express standards, prosecutors possess broad discretion to determine whether a defendant should be diverted into PTI. State v. K.S., 220 N.J. 190, 199-200 (2015). "This discretion arises out of 'the fundamental responsibility of prosecutors for deciding whom to prosecute.'" Id. at 200 (quoting State v. Dalglish, 86 N.J. 503, 509 (1981)). "Thus, it has clearly been acknowledged that this decision lies, in the first instance, with the prosecutor, and once he [or she] has determined that he [or she] will not consent to the diversion of a particular defendant, his [or her] decision is to be afforded great deference." State v. Kraft, 265 N.J. Super. 106, 111 (App. Div. 1993) (citing State v. Leonardis, 73 N.J. 360, 381 (1977)); see also Roseman, supra, 221 N.J. at 624 ("[T]he decision to grant or deny PTI is a 'quintessentially prosecutorial function.'" (quoting State v. Wallace, 146 N.J. 576, 582 (1996))).

A prosecutor makes a tailored assessment of a defendant's individualized "'amenability to correction' and potential 'responsiveness to rehabilitation.'" State v. Watkins, 193 N.J. 507, 520 (2008) (quoting N.J.S.A. 2C:43-12(b)). If rejected from PTI, a defendant may challenge the State's decision before the

court, by showing facts or materials demonstrating the defendant's amenability to the rehabilitation process, along with any efforts to effect behavioral changes to avoid future criminal conduct. N.J.S.A. 2C:43-12(d). See also Pressler & Verniero, Current N.J. Court Rules, Guideline 2 on R. 3:28 (2017).

The scope of judicial review of a prosecutor's determination is severely limited, as prosecutors have wide latitude in deciding whom to divert into the PTI program and whom to prosecute. Nwobu, supra, 139 N.J. at 246. "Judicial review serves to check only the 'most egregious examples of injustice and unfairness.'" Negran, supra, 178 N.J. at 82 (quoting Leonardis, supra, 73 N.J. at 384). Thus, a judge may order a defendant into PTI over a prosecutor's objection only if the defendant "clearly and convincingly establish[es] that the prosecutor's refusal to sanction admission into the program was clearly and convincingly based on a patent and gross abuse" of discretion. Wallace, supra, 146 N.J. at 582.

The court's analysis must be fact-sensitive and shall consider the totality of all facts and circumstances. What constitutes a "patent and gross" abuse of discretion was discussed by the Supreme Court in Roseman. An abuse of discretion is defined as a decision "not premised upon a consideration of all relevant factors, . . . based upon a consideration of irrelevant or inappropriate factors, or . . . amount[ing] to a clear error of

judgment."  Roseman, supra, 221 N.J. at 625 (quoting State v. Bender, 80 N.J. 84, 93 (1979)).  However, a "patent and gross" abuse of discretion is an error that "will clearly subvert the goals underlying" PTI.  Bender, supra, 80 N.J. at 93.  See also Watkins, supra, 193 N.J. at 520.  Only where a patent and gross abuse of discretion is shown, may a judge admit the defendant into PTI over the prosecutor's objection.  Roseman, supra, 221 N.J. at 625.

On appeal, the State argues the reviewing judge failed to apply the heighted standard of review and did not find a patent and gross abuse of discretion.  The State argues the judge erroneously "substituted his judgment for that of the prosecutor."

In his opinion, the judge concluded the State's denial of defendant's PTI application was a "clear error of judgment."  He cited three reasons:  First, defendant "was not the owner of the business where the illegal gambling operation was conducted"; although she knew the operation's nature, it was unclear whether she actively participated or was merely "complacent in its operations."  Second, the heavy reliance upon defendant's criminal history and "alleged continuing pattern of anti-social behavior" led to a determination she was not amenable to reform, which the judge found was unsupported, noting the State failed to consider defendant had no juvenile record, had completed probation for her

drug offense, and did not reoffend while on probation. Third, the State failed to weigh defendant's acceptance of responsibility for her actions and current conduct demonstrating a receptiveness to rehabilitation, such as her current gainful employment and caring for her child.

Following our review, we conclude the court's analysis ignored evidence squarely refuting the identified reasons for overriding the prosecutor's rejection of defendant's PTI application. Regarding the extent of defendant's knowledge and participation in the scheme, defendant's work area was the location of the betting operation and she was the only employee attending the business when arrested. Importantly, defendant possessed betting slips in her purse and admitted she knew what was going on, and understand it was illegal. See State v. Purdy, 51 N.J. 303, 309 (1968) (noting possession of betting slips violates the statute); State v. Gawronski, 9 N.J. Super. 51, 53 (App. Div. 1950) ("[T]he jury may infer guilty knowledge from proof of possession of contraband articles in violation of the pertinent statute."). Moreover, contrary to the judge's drawn inference, there are no facts justifying defendant's conduct. The State's evidence refutes any suggestion defendant was "just complacent" and shows she was an active participant.

As to her criminal record, at age twenty-one defendant was arrested for possessing marijuana and incurred two municipal convictions for disorderly conduct. At twenty-four, she was indicted for third-degree drug distribution within a school zone, for which she was sentenced to three-years probation. Probation discharged defendant in January 2012 and within three years, she again resorted to illicit activity by participating in the subject gambling enterprise.

The facts relied upon by the judge, including defendant had no juvenile record, had completed probation, and had no history of violating probation, were accurate. However, the judge's comments did not weigh defendant's adult criminal record, as required by the PTI guidelines. Guideline 3(e) to R. 3:28 states in pertinent part:

> While the [PTI] is not limited to "first offenders", defendants who have been previously convicted of a criminal offense should ordinarily be excluded. Such defendants who have . . . irrespective of the degree of the crime have completed a term of probation, incarceration or parole within five years prior to the date of application for diversion shall ordinarily not be considered for enrollment in PTI except on joint application by the defendant and the prosecutor.
>
> [Pressler & Verniero, supra, Guideline 3(e) on R. 3:28.]

Here, defendant's indictable criminal conduct was motivated by monetary gain. She asserts no history of drug use, yet was previously sentenced for selling drugs. The State's evidence shows within five years of completing probation, defendant took a job in which she actively aided an illicit sports betting operation. The evidence supported the State's position that prior diversionary efforts were ineffective to deter defendant from engaging in criminal activity.

The judge also failed to assess the State's reliance on the nature of the offenses charged. The gambling offenses occurred over a period of time and, as noted by the records seized, involved numerous individuals, who regularly participated in betting. Although we agree the offenses were not violent, we reject the notion they were victimless crimes. Society's interest in deterrence along with defendant's criminal history suggest a need for prosecution and the more intense supervisory treatment afforded by a probationary sentence.

In addition to not examining all facts in light of the law, the judge also failed to explain his reasoning, especially his conclusion the prosecutor's denial of admission subverted the goals of PTI. R. 1:7-4. We cannot infer this conclusion from the record.

There is one issue on which we agree, that is, the State failed to consider all relevant factors. See Nwobu, supra, 139 N.J. at 255 ("[A] prosecutor must consider an individual defendant's features that bear on his or her amenability to rehabilitation."). We conclude, however, this alone is insufficient to order defendant's admission to PTI.

The State determined PTI would not curb defendant's future criminal conduct, and more restrictive probation supervision was necessary. Yet in doing so, the State did not address changes made to defendant's behavior since her arrest, which suggest amenability to rehabilitation, including her acknowledgement of responsibility, the maintenance of legal employment and the provision of care for her child. Considerations of a defendant's attitude and conduct to avoid criminal conduct must be weighed under Guideline 2 to R. 3:28, which should consider facts rendering diversion to PTI effective.

Following our review, we conclude the State's recital of its reasons for denying defendant's PTI application failed to consider defendant's post-arrest actions that militate toward defendant's "'amenability to correction' and potential 'responsiveness to rehabilitation.'" Watkins, supra, 193 N.J. at 520 (quoting N.J.S.A. 2C:43-12(b)). The failure to consider these significant facts required the State's reconsideration and reassessment.

11                                          A-4924-15T2

We disagree with the trial judge's order concluding the State's omission of relevant information was a basis to compel defendant's PTI admission. Rather "the appropriate remedy for an inadequate statement of reasons by the prosecutor is to require further consideration of the omitted facts. Roseman, supra, 221 N.J. at 629.

Consequently, we reverse the opinion and vacate the June 30, 2016 order admitting defendant to PTI. We remand for additional proceedings to require the prosecutor to amend the individualized assessment of defendant's application. Particular attention must be made to consider evidence supporting satisfaction of N.J.S.A. 2C:43-12(b), showing defendant was "amenab[le] to correction" and responsive to rehabilitation if admitted to PTI.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-4924-15T2